# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CORNEST HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-6107-CV-SJ-FJG |
| | ) | |
| PETER VLAHOULIS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Currently pending before the Court is Plaintiff's Motion to Remand (Doc.# 7).

## I. BACKGROUND

The present suit was removed to this Court from the Circuit Court of Jackson County, Missouri, on September 20, 2006. Defendant removed the case on the basis of 28 U.S.C. § 1332 and § 1441, as he alleges the dispute is between citizens of different states and involves an amount in controversy in excess of $75,000. Plaintiff argues that the case should be remanded because defendant on September 21, 2006 filed an Offer of Judgment in the amount of $10,000.00. Plaintiff states that because defendant admits in the Offer of Judgment that he believes plaintiff's damages are only $10,000.00, there is no longer any basis for federal jurisdiction.

## II. STANDARD

It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the

removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999). "Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2 (D.Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

### III. DISCUSSION

The instant case was removed by defendant pursuant to the original jurisdiction of this Court over suits between citizens of different states. 28 U.S.C. §§ 1332, 1441. However, plaintiff asserts that defendant has not demonstrated the requisite amount in controversy because he filed an Offer of Judgment in the amount of $10,000.00. Defendant states that Offers of Judgment are generally treated as contracts and only remain open for ten days following service of the offer. Defendant states that Fed.R.Civ.P. 68 allows parties to attempt to compromise claims in an effort to make the legal system more efficient, but that an Offer of Judgment has no effect on what a fact finder might award to the plaintiff. Additionally, in Banger ex rel. v. Magnolia Nursing Home, L.P., 234 F.Supp.2d 633 (S.D.Miss. 2002), the defendants served plaintiffs with an Offer of Judgment for $75,000, exclusive of interest and costs. Plaintiffs did not accept the Offer of Judgment. The Court in that case found that plaintiffs' refusal to accept the Offer of Judgment was indicative that they were seeking to recover an

2

amount in excess of the Offer of Judgment.  The Court in that case found that the defendants had met their burden of establishing that the amount in controversy had been met.  Id. at 636.  Additionally, defendants note that on May 16, 2006, plaintiff's counsel voluntarily sent a settlement demand letter seeking damages in the amount of $300,000.00.  Defendant states that numerous courts have found that demand or settlement letters allow a defendant to reasonably ascertain the amount in controversy.  The Court agrees.  To meet its burden of proof to establish that removal is proper, defendant must present specific facts or evidence.  See Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).  The evidence may include plaintiff's representations, "including settlement offers by plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff."  See Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, *2 (W.D.Mo. Sept. 26, 2005) (citing Halsne v. Liberty Mutual Group, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)).  In the instant case, defendant attached to his Suggestions in Opposition, a copy of plaintiff's $300,000 demand letter.  (Doc. # 10, Exhibit A). Additionally, plaintiff has alleged in his petition  serious injuries from the accident. Therefore, the Court finds that defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

## IV. CONCLUSION

Accordingly, the Court finds that defendant has met its burden of establishing that the amount in controversy requirement was met at the time of removal. For the

3

above stated reasons, Plaintiff's Motion for Remand is hereby **DENIED** (Doc. # 7).


Date:  February 5, 2007   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri Fernando J. Gaitan, Jr.
Chief United States District Judge