# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

CORNEST HALL,                           )
                                        )
                        Plaintiff,      )
                                        )
vs.                                     )   No. 06-6107-CV-SJ-FJG
                                        )
PETER VLAHOULIS,                        )
                                        )
                        Defendant.      )

# ORDER

Currently pending before the Court is plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. No. 32).

## I. BACKGROUND

This case concerns an accident collision in which plaintiff was injured when defendant Vlahoulis allegedly failed to yield to the right of way and crashed into the passenger side of plaintiff's vehicle. Plaintiff alleges negligence against defendant and damages in excess of $25,000.00. This case was removed from Buchanan County, Missouri on September 20, 2006 based on diversity jurisdiction (Doc. No. 1). The Court denied plaintiff's motion to remand on February 5, 2007 (Doc. No. 22).

Plaintiff filed a Motion of Voluntary Dismissal Without Prejudice on November 1, 2007 (Doc. No. 32). Plaintiff did not state any specific reason why it was requesting a voluntary dismissal. Defendant responded that it only agreed to the voluntary dismissal without prejudice on the following conditions: (1) that costs shall be assessed against plaintiff and awarded to defendant as defendant filed an Offer of Judgment on this matter and considerable time and money have been spent on behalf of the defendant on

discovery, including the claims made as a result of the alleged injuries to plaintiff; (2) that all of the deadlines in the original action apply if this action is refiled; and (3) that all discovery completed in the original matter shall be available for use if this matter is refiled.

Defendant further objects to plaintiff's motion for voluntary dismissal if any of the following is to be asserted by plaintiff: (1) if discovery is any way extended; (2) if plaintiff attempts to designate additional experts; (3) if plaintiff attempts to amend existing expert designations or testimony to include additional information which was not available prior to plaintiff's expert's deposition, plaintiff's expert designation deadline, or the expert rebuttal deadline; or (4) if plaintiff objects to the payment of reasonable expenses and attorney's fees.

Plaintiff did not address defendant's specific objections in its reply. Plaintiff only replied that plaintiff was in need of additional treatment. The Court thereafter requested a supplemental reply from plaintiff, which was filed on December 26, 2007 (Doc. No. 36).[1] In plaintiff's supplemental response, plaintiff replied that he has contacted the insurance company himself in an attempt to settle his claim; therefore plaintiff's counsel can no longer represent him. Plaintiff objected to all of defendant's conditions except that it agreed that if this matter is re-filed that all discovery in the previous case shall be used and that any costs for filing or depositions allowed by this Court other than attorney fees be paid if this matter is re-filed. Plaintiff also stated that plaintiff is need of additional medical treatment and surgery. Further, plaintiff admits that there was an offer of judgment for $10,000.00

---

[1]Because the Court requested a supplemental reply from plaintiff in order to its determination of whether costs should be assessed against plaintiff in this matter, the Court rejects defendant's objections to plaintiff's supplemental reply (Doc. No. 39).

2

and a later settlement offer of $12,000.00. However, plaintiff argues that since the settlement offer was in excess of the offer of judgment, an award of attorney's fees against plaintiff cannot be allowed.

## II. STANDARD

Fed.R.Civ.P. 41(a)(2) states in part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

In Minnesota Min. & Mfg. Co. v. Barr Laboratories Inc., 139 F.Supp.2d 1109, 1114 (D.Minn. 2001), aff'd, 289 F.3d 775 (Fed.Cir. 2002), the Court stated:

> The decision to allow a party to voluntarily dismiss an action rests within the sound discretion of the court. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941 (8th Cir. 1999). The factors that the court should consider in exercising this discretion are: 1) whether the party has presented a proper explanation for its desire to dismiss; 2) whether a dismissal would result in a waste of judicial time and effort; and 3) whether a dismissal will prejudice the defendant.

In Witzman v. Gross, 148 F.3d 988 (8th Cir. 1998), the Court noted that additional factors courts consider are whether a motion for summary judgment has been filed by the defendant and whether there has been excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action. In the instant case, the Court finds that a voluntary dismissal is proper. Additionally, the Court finds that a dismissal would not waste judicial time or effort because the work done on the case to date could be used if plaintiff were to refile the action. The Court notes that no summary judgment motion has been filed in this case. Although there may be some prejudice to the defendant by allowing the voluntary dismissal, the Court finds that this can be addressed by the imposition of conditions placed upon the refiling. After weighing all of the factors, the Court finds that plaintiff's Motion for

Case 5:06-cv-06107-FJG   Document 43   Filed 01/07/08   Page 3 of 4

Voluntary Dismissal should be granted. However, plaintiff should be advised that if he wishes to pursue this action a second time, he will be required to first pay the costs of this action, pursuant to Fed.R.Civ.P. 41(d) and that all discovery used in the present action will be available in the subsequent action. The Court rejects defendant's objections to have the current deadlines apply in the new action as all deadlines would be set by the Court should plaintiff refile.

## III. CONCLUSION

Therefore, for the foregoing reasons, the Court hereby **GRANTS** plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. No. 32).

Date:  1/7/08                                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                            Fernando J. Gaitan, Jr.
                                                 Chief United States District Judge

4